86 F.3d 1156
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patricia MOORE, Plaintiff-Appellant,
v.
Janet RENO, Attorney General; Associate Warden Stewart;
Fuller; Richard Harlass, FMC Unit Manager; Sandra Alston
Williams, Case Manager; Jane Doe(s), unknown officials of
the United States Bureau of Prisons; John Doe(s), unknown
officials of the United States Bureau of Prisons; Kathleen
Hawk, Individually; Jan Sorenson; Stamper, Mr.; Judy
Garrett; Lawson, in his official capacity; Defendants,
Margaret C. Hambrick, Individually and in her official
capacity as Warden, Federal Medical Center; Dr. Lawson,
Individually; Federal Bureau of Prisons; Kathleen Hawk, in
her official capacity as Bureau of Prisons Director,
Defendants-Appellees.
 No. 95-5758.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1996.
 
 1
 Before: BOGGS and MOORE, Circuit Judges; HILLMAN, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment dismissing her civil rights suit filed pursuant to the doctrine set forth in Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). She also moves for the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages and injunctive relief, Patricia Moore sued the warden at the Federal Medical Center (FMC), Lexington, Kentucky (Margaret C. Hambrick), the director of the Bureau of Prisons (Kathleen Hawk), and the Medical Center's doctor (Dr. Travis Lawson). Moore sued Warden Hambrick and Dr. Lawson in their individual capacities. Moore also sued Kathleen Hawk, as the Director of the Bureau of Prisons, and FMC Warden Hambrick for injunctive relief in their official capacities. Moore claimed that the defendants were deliberately indifferent to her serious medical needs in violation of her rights under the Eighth Amendment.
 
 
 4
 Upon considering the parties' cross-motions for summary judgment and responses, the district court granted the defendants' motion for summary judgment, denied Moore's motion, and dismissed the complaint. Moore appeals that judgment.
 
 
 5
 In her timely appeal, Moore essentially reasserts the claims that she set forth in the district court. She argues that: 1) the district court improperly granted summary judgment to the defendants; 2) the defendants are not entitled to the defense of qualified immunity; and 3) the district court should have appointed counsel to represent her.
 
 
 6
 Initially, we note that Moore's second appellate argument is not properly before the court. Moore argues that the defendants are not entitled to the defense of qualified immunity. Generally, a federal appellate court does not consider an issue not passed upon in the district court. Singleton v. Wulff, 428 U.S. 106, 120 (1976). The district court in this case did not make any finding or ruling with respect to the defense of qualified immunity. Instead, the district court dismissed Moore's claims for failure to state a constitutional violation and mootness.
 
 
 7
 On appeal, this court reviews a judgment granting summary judgment de novo and uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 8
 Upon consideration, Moore's motion for the appointment of counsel is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's opinion and order dated May 8, 1995.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation